J-S59041-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TRENT MAURICE TRAMMELL, | : | |
| | : | |
| Appellant | : | No. 1243 EDA 2014 |

Appeal from the Judgment of Sentence February 7, 2012
in the Court of Common Pleas of Chester County,
Criminal Division at No(s): CP-15-CR-0001343-2011

BEFORE:  SHOGAN, LAZARUS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 23, 2014**

Trent Maurice Trammell (Appellant) appeals *nunc pro tunc* from a judgment of sentence entered after a jury convicted him of committing multiple crimes, including robbery, possession of an instrument of crime, and aggravated assault.[1]  We affirm.

The background underlying this matter can be summarized as follows. The Commonwealth charged Appellant with committing multiple crimes in connection to the gunpoint robbery of Ashley Durnell and Lance Walston.  A jury convicted Appellant of committing those crimes.   The trial court sentenced Appellant on February 7, 2012.   Appellant timely filed a post-sentence motion, which the trial court denied on March 16, 2012.

---

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 907(a), and 2702(a)(4), respectively.

* Retired Senior Judge assigned to the Superior Court.

In July of 2012, Appellant filed a *pro se* notice of appeal. In a *per curiam* order, this Court quashed the appeal as untimely filed. ***Commonwealth v. Trammell***, 2036 EDA 2012; ***see*** Pa.R.A.P. 903(a) (requiring a party to file a notice of appeal within 30 days of the order from which the appeal is taken). In that order, the Court also remanded the matter, directing the trial court to appoint counsel for Appellant in order to allow him to seek relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.

On remand, the trial court appointed counsel, and counsel filed an amended PCRA petition. In that petition, Appellant argued that trial counsel was ineffective for failing to file a direct appeal on Appellant's behalf. The Commonwealth apparently agreed with Appellant, and on March 31, 2014, the trial court entered an order permitting Appellant to file a direct appeal *nunc pro tunc*.

Appellant timely filed a notice of appeal.[2] The trial court directed Appellant to comply with Pa.R.A.P. 1925(b), and Appellant subsequently filed a Pa.R.A.P. 1925(b) statement. In his brief to this Court, Appellant asks us to consider one issue, namely, "Whether the evidence presented by the Commonwealth was sufficient to convict [] Appellant guilty of the crimes charged above beyond a reasonable doubt?" Appellant's Brief at 3 (trial

---

[2] In his notice of appeal, Appellant purported to appeal from the March 31, 2014, order granting him PCRA relief. Appellant, however, is appealing *nunc pro tunc* from his judgment of sentence. We have corrected the caption accordingly.

court answer omitted). The argument Appellant offers in support of this issue is misguided and meritless.

Appellant begins his argument by presenting law regarding PCRA proceedings and claims of ineffective assistance of counsel. Appellant's Brief at 4-5. However, this appeal has nothing to do with a PCRA proceeding; Appellant is appealing his judgment of sentence. Furthermore, Appellant's sufficiency-of-the-evidence issue has nothing to do with the effectiveness of trial counsel.

Next, Appellant highlights portions of testimony offered by Mr. Walston at Appellant's preliminary hearing. *Id.* at 5. Appellant then asserts, "At trial, [Mr. Walston's] testimony was significantly different from his preliminary hearing testimony wherein he stated [] Appellant was not the person who robbed him. At trial, [Mr. Walston] testified that Appellant was the robber." *Id.*

Lastly, Appellant makes the argument that follows.

> The law regarding sufficiency of evidence states the test as being when the evidence is reviewed was it sufficient to support a jury's finding of guilty beyond a reasonable doubt when viewed in a light most favorable to the Commonwealth.
>
> The testimony of Mr. Walston cannot be considered reliable because his preliminary hearing testimony was drastically different from his trial testimony.
>
> Fairness dictates that Appellant's conviction be over turned and he be granted a new trial.

*Id.* at 5-6 (citation omitted).

Thus, Appellant believes that Mr. Walston's trial testimony, identifying him as the perpetrator of the robbery and the related crimes, is unreliable because Mr. Walston testified at the preliminary hearing that Appellant was not the perpetrator of those crimes. As best we can discern, Appellant argues that the unreliable nature of Mr. Walston's identification testimony renders the evidence presented by the Commonwealth at trial insufficient to support all of his convictions. We disagree.

> Our well-settled standard of review when evaluating a challenge to the sufficiency of the evidence mandates that we assess the evidence and all reasonable inferences drawn therefrom in the light most favorable to the verdict-winner. We must determine whether there is sufficient evidence to enable the fact finder to have found every element of the crime beyond a reasonable doubt.
>
>> In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Evans*, 901 A.2d 528, 532-33 (Pa. Super. 2006) (citations and quotation marks omitted).

At trial, Ms. Durnell identified Appellant as the person who, *inter alia*, robbed her and Mr. Walston. Her testimony alone was sufficient to identify Appellant as the perpetrator of the crimes.

At trial, Mr. Walston also identified Appellant as the perpetrator of the crimes, and Appellant's counsel thoroughly cross-examined Mr. Walston regarding the multiple inconsistencies between Mr. Walson's trial testimony and his preliminary hearing testimony. N.T., 12/13/2011, at 84-100. Despite these inconsistencies, the jury chose to believe these witnesses' testimony identifying Appellant as the perpetrator of the crimes, and we may not substitute our judgment for that of the jury.

Appellant has failed to present this Court with an issue that warrants relief. We, therefore, affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/2014

- 5 -