J-S40020-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER ARDEN ROSEBERRY, | : | |
| | : | |
| Appellant | : | No. 1693 WDA 2014 |

Appeal from the Judgment of Sentence September 2, 2014,
Court of Common Pleas, Erie County,
Criminal Division at No. CP-25-CR-0000492-2014

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED JULY 8, 2015**

Christopher Arden Roseberry ("Roseberry") appeals from the judgment of sentence imposed by the Court of Common Pleas, Erie County, following his conviction of retail theft, 18 Pa.C.S.A. § 3929(a)(1).  We affirm.

On July 9, 2014, Roseberry pled guilty to one count of retail theft and in exchange, the Commonwealth *nol prossed* a charge of conspiracy.  The trial court later sentenced Roseberry to eighteen months to seven years of incarceration, to be served consecutively to three Crawford County sentences he was presently serving.  Following the denial of his motion for reconsideration of sentence, this timely appeal followed.

Roseberry presents only one issue for our review: "Did the lower court commit reversible error in that its sentence was manifestly extreme and clearly unreasonable, particularly in its consecutiveness, and not

*Retired Senior Judge assigned to the Superior Court.

individualized as required by law?" Roseberry's Brief at 1. This is a challenge to the discretionary aspects of Roseberry's sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b). *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

*Id.*

The record reveals that Roseberry has satisfied the first two of these criteria, and his brief reveals that he has satisfied the third. We therefore proceed to determine whether Roseberry has presented a substantial question so as to invoke our jurisdiction. In his Rule 2119(f) statement, Roseberry contends that when sentencing him, the trial court imposed an excessive sentence and in doing so exhibited bias "towards [defendants] who are guilty of these sorts of crimes … ." Roseberry's Brief at 4. This claim of bias presents a substantial question so as to invoke our review. *See Commonwealth v. Corley*, 31 A.3d 293, 297 ("[A]n allegation of bias

in sentencing implicates the fundamental norms underlying sentencing and hence, we find that it raises a substantial question[.]").

Unfortunately, Roseberry presents only bald allegations that his sentence was excessive "in proportion to the nature and severity of the offense for which he was sentenced." Roseberry's Brief at 5. There is no citation to, or discussion of, supportive authority, in contravention of Rule of Appellate Procedure 2119(b). "It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim. … [T]his Court will not become counsel for an appellant and develop arguments on an appellant's behalf." *Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014) (internal citations omitted). Because Roseberry has failed to adequately develop this issue, we find it waived. *Id.*

Even if we did not find this issue waived, it would not merit relief. The trial court carefully considered Roseberry's extensive criminal history, the nature of the offense for which he was being sentenced,[1] and his drug addiction when sentencing Roseberry to a standard-range sentence and ordering it to run consecutively to the Crawford County sentences. *See* N.T., 9/2/14, at 7-8, 14-16. Although the trial court expressed its disfavor of concurrent sentences in Roseberry's case because it would "basically make this theft a freebie," *id.* at 9, the record reveals that this was a highly

---

[1] For instance, the trial court stated, "This [retail theft] was substantial and organized. This was a planned scheme, it was a good bit of thought that [went] into this. This wasn't an impulsive act." N.T., 9/2/14, at 15.

individualized sentence. We discern no evidence of a bias against repeat theft offenders in general.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2015