J-S34038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JODY GORDON, JR. | |
| Appellant | No. 1522 MDA 2014 |

Appeal from the Judgment of Sentence Entered July 29, 2014
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0005473-2013

BEFORE:  BOWES, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 21, 2015**

Appellant, Jody Gordon, Jr., appeals from the July 29, 2014 judgment of sentence imposing an aggregate five to ten years of incarceration for receiving stolen property and unlawful possession of a firearm.[1]  We affirm.

The trial court recited the pertinent facts in its Pa.R.A.P. 1925(a) opinion:

> The jury heard [] Trooper Shawn Wolfe testify that he had begun a drug investigation of [Appellant] on February 15, 2011. Trooper Wolfe then testified that on that same date he saw [Appellant] *and no one else* operating a silver colored Mitsubishi Diamante or Galant.  It was testified that on March 15, 2011, during surveillance, [Appellant] exited 36 North East Street in York City and was observed to toss keys to an Etienne Haas who proceeded to get into the car as [Appellant] walked around a corner.  On July 21, 2011 and July 25, 2011, [Appellant] was

---

[1]  18 Pa.C.S.A. §§ 3925 and 6105.

again seen driving the car in question. Trooper Wolfe then went on to testify that he saw [Appellant] in the silver Mitsubishi at least 10 times if not more and saw Etienne Haas driving the car 5 times or less. [Appellant] was able to elicit from Trooper Wolfe that the authorities can only say who was driving the silver Mitsubishi at the times they observed the vehicle. Moreover, Troopers Wolfe and Christopher Keppel testified that the vehicle was registered to Ms. Haas.

On July 26, 2011, Trooper Wolfe was in possession of a search warrant for 1009 Hay Street, York City, York County, Pennsylvania, which is [Appellant] and Etienne Haas' residence. On this same date, [Appellant] arrived at the residence the search warrant was issued for in the silver Mitsubishi. [Appellant] was seen to enter the residence before returning to the driver's seat of the silver Mitsubishi at which point the search warrant was executed. [Appellant], who was alone in the vehicle, exited the car and began running. Upon apprehension, [Appellant] was found to be in possession of a bag of marijuana, a bag of crack cocaine, $800.00 in cash, and an access card for Etienne Haas.

It was testified by multiple Commonwealth witnesses that no one had access to the vehicle once [Appellant] fled it other than the police. From the car, the officers recovered a JVC camcorder, a Taurus 9mm handgun with the serial #: TLL90314D, and a 9mm round in the driver's side door handle. The jury next heard that the gun was discovered under the driver's seat. The jury further heard that the gun found in the car had been reported stolen. [] Jeffrey Pullen testified that the gun in question was in fact his and that he never gave [Appellant] permission to use it. In the residence searched, Detective John Bumsted testified that he found a latex glove with 8 rounds of 9mm ammunition in the kitchen drawer. Trooper Keppel testified that he located on the mantel a 9mm round, which was a match for the 9mm Luger, and mail connecting Appellant with the residence searched.

On cross examination, Trooper Wolfe testified that on none of the days that [Appellant] was under observation was he seen to have a gun, nor was a gun found on [Appellant] when he was apprehended. The Commonwealth never did fingerprint analysis on the gun or shell found in the car. And, while Etienne Haas stated that she possessed a permit to carry a firearm at the time

of the incident this was not followed up on. Trooper Wolfe also testified that they did not have eyes on the vehicle at all times of day and night. Trooper Wolfe testified that though [Appellant] was not seen to toss the gun as he exited the vehicle, the gun was not fingerprinted because [Appellant] had been seen in the car on prior occasions and the gun was found in the car from which [Appellant] had just fled. Moreover, though he equivocated as to the exact positioning of the gun under the seat, Trooper Keppel was adamant in his belief that the gun would have been visible. And, in fact, Trooper Keppel testified that the gun was readily accessible to the driver. Finally, it was stipulated that [Appellant] is a person not to possess and has been since 2003.

Trial Court Opinion, 1/29/15, at 5-7 (record citations omitted) (emphasis in original).

A jury found Appellant guilty of the aforementioned offenses after a two-day trial concluding on June 10, 2014.[2] The trial court imposed five to ten years of incarceration for the firearms violation and a concurrent one to two years of incarceration for receiving stolen property.[3] N.T. Sentencing, 7/29/14, at 11-12. On August 6, 2014, Appellant filed a timely post-sentence motion challenging, among other things, the weight of the evidence in support of his conviction. The trial court denied that motion two days later. This timely appeal followed.

Appellant raises two issues for our review:

_____

[2] This trial was severed from another trial for related offenses arising out of the same arrest.

[3] The trial court imposed that sentence without relying upon a mandatory minimum.

- 3 -

I.      Whether the trial court erred by not granting []
        Appellant's motion that there did not exist sufficient
        evidence to support the verdict?

II.     Whether the trial court erred by not granting []
        Appellant's motion that the verdict was against the
        weight of the evidence?

Appellant's Brief at 4.[4]

In support of his sufficiency of the evidence argument, Appellant

asserts the Commonwealth did not prove a possessory interest in the

firearm or that the firearm was stolen. We apply the following standard of

review:

> Our well-settled standard of review when evaluating a
> challenge to the sufficiency of the evidence mandates that we
> assess the evidence and all reasonable inferences drawn
> therefrom in the light most favorable to the verdict-winner. We
> must determine whether there is sufficient evidence to enable
> the fact finder to have found every element of the crime beyond
> a reasonable doubt.
>
> In applying the above test, we may not weigh the evidence
> and substitute our judgment for that of the fact-finder. In
> addition, we note that the facts and circumstances established
> by the Commonwealth need not preclude every possibility of
> innocence. Any doubts regarding a defendant's guilt may be
> resolved by the fact-finder unless the evidence is so weak and
> inconclusive that as a matter of law no probability of fact may be
> drawn from the combined circumstances. The Commonwealth
> may sustain its burden of proving every element of the crime
> beyond a reasonable doubt by means of wholly circumstantial
> evidence. Moreover, in applying the above test, the entire
> record must be evaluated and all evidence actually received

_____

[4] We have reversed the order of Appellant's two questions presented. We will consider the sufficiency of the evidence first because that argument, if successful, would result in acquittal rather than a new trial.

must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Evans*, 901 A.2d 528, 532-33 (Pa. Super. 2006) (internal citations and quotation marks omitted), *appeal denied*, 909 A.2d 303 (Pa. 2006).

The jury convicted Appellant under § 6105 of the Uniform Firearms Act, which prohibits possession of a firearm by persons previously convicted of enumerated offenses. 18 Pa.C.S.A. § 6105. Appellant does not dispute that he has been convicted of an enumerated offense, nor does he dispute that the 9 millimeter handgun Trooper Wolfe retrieved from the Mitsubishi meets the definition of a firearm. He argues only that the Commonwealth failed to produce sufficient evidence of his constructive possession of the gun.

The pertinent facts are not in dispute. Police retrieved the gun from underneath the driver's seat of the Mitsubishi. Appellant was driving the Mitsubishi but fled from the car in response to the police stop. Prior to taking flight, he was alone in the vehicle. The Mitsubishi was registered to Appellant's wife, but police regularly observed Appellant driving it. Police found nine-millimeter ammunition in the Mitsubishi and in Appellant's home, but did not fingerprint the gun.

The Commonwealth may obtain a conviction for a firearms offense based on constructive possession of a firearm. ***Commonwealth v. Cruz***, 21 A.3d 1247, 1253 (Pa. Super. 2011).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as 'conscious dominion. We subsequently defined 'conscious dominion' as 'the power to control the contraband and the intent to exercise that control.' To aid application, we have held that constructive possession may be established by the totality of the circumstances.

***Id.***

In ***Cruz***, as in this case, the defendant was the only person in the vehicle where police found the gun, and he exhibited consciousness of guilt by offering various names and birthdates for himself to the investigating officer. ***Id.*** Police also observed the defendant making furtive movements toward the passenger side of the vehicle where the gun was found. ***Id.*** The defendant's sole occupancy of the vehicle, plus his actions evincing consciousness of guilt, were sufficient evidence of his constructive possession of the firearm.

Instantly, police retrieved the gun from directly underneath the driver's seat of a vehicle with no occupants other than Appellant, the driver. Police found ammunition for the gun in the driver's side door, and Appellant was a regular driver of the vehicle. Appellant exhibited his consciousness of guilt when he fled from the vehicle stop. ***See Commonwealth v. Bruce***,

717 A.2d 1033, 1037-38 (Pa. Super. 1998) (noting that flight can be evidence of consciousness of guilt in an appropriate case); *appeal denied*, 747 A.2d 1033 (Pa. 1999). Given the totality of the circumstances present in this case, we conclude the record contains more than sufficient evidence of Appellant's constructive possession of the firearm.

Next, Appellant asserts his conviction for receiving stolen property cannot stand because the Commonwealth failed to produce evidence that the gun was stolen. We observe that evidence of a stolen gun is the **only** element of § 3925(a) that Appellant challenges in his brief. The Crimes Code provides: "A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S.A. § 3925(a).

In addition to the evidence summarized above, the lawful owner of the nine-millimeter handgun testified that it was stolen and that he never gave Appellant permission to use it. N.T. Trial, 6/9-10/14, at 206-07. Thus, the record contains direct evidence that the gun underneath Appellant's driver's seat was stolen. Appellant's claim is without merit.

Next, Appellant challenges the weight of the evidence in support of his conviction. We review that argument as follows:

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is

sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

[…]

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 752-53 (Pa. 2000) (internal citations omitted).

Appellant argues his conviction is against the weight of the evidence because no direct evidence indicates that Appellant was aware the gun was in in the vehicle. In essence, Appellant asks this Court to conclude the trial court abused its discretion in deciding that the jury's finding of constructive possession was against the weight of the evidence. Given the substantial

body of evidence, summarized above, supporting Appellant's constructive possession, we conclude the trial court acted well within its discretion in refusing to award a new trial on that basis. Appellant argues his conviction under § 3925 is contrary to the weight of the evidence because the record contains no evidence that the gun was stolen. To the contrary, the record contains the testimony of the lawful gun owner. Appellant's weight of the evidence argument lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2015