J-A25014-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANTWOINE HUNTER, | : | |
| | : | |
| Appellant | : | No. 2496 EDA 2014 |

Appeal from the Judgment of Sentence April 7, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0001162-2013

BEFORE:  DONOHUE, MUNDY and FITZGERALD*, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED OCTOBER 20, 2015**

Appellant, Antwoine Hunter ("Hunter"), appeals from the April 7, 2014 judgment of sentence following his convictions of robbery[1], robbery of a motor vehicle[2], and criminal conspiracy[3].  Hunter challenges the sufficiency of the evidence and discretionary aspects of his sentence. For the following reasons, we affirm.

The facts of the case are as follows.  On December 7, 2012, Francisco Bonilla ("Bonilla"), the victim, was playing pool at Chuckles Bar in Philadelphia. Hunter and Rashad Bonaparte ("Bonaparte") were also at Chuckles Bar. They knew Bonilla from their neighborhood.  That night, Bonilla had won $100 by betting on pool games.  When he left the bar

---

[1] 18 Pa.C.S.A § 3701.

[2] 18 Pa.C.S.A. § 3702.

[3] 18 Pa.C.S.A. § 903.

*Former Justice specially assigned to the Superior Court.

around 2:00 a.m. on December 8, Hunter and Bonaparte asked Bonilla for a ride back to their neighborhood, and he agreed.

Hunter sat next to Bonilla in the front passenger seat and Bonaparte sat directly behind the driver's seat. While they were driving, Bonaparte put a gun to the back of Bonilla's head while Hunter took money and a phone from Bonilla's pockets. Hunter and Bonaparte ordered Bonilla to "give everything up" and not to move. They told Bonilla that his mother would get hurt if he told anyone about the robbery.  The men ordered Bonilla out of the car and then drove the car away, leaving Bonilla to walk home.

Upon arriving home, Bonilla told his mother about the incident and she called the police. In his initial statement to the police, Bonilla did not identify Hunter and Bonaparte as his assailants; instead, he told the police that he was unable to identify his robbers.  Bonilla later told his father about the incident and identified his robbers as Hunter and Bonaparte. Bonilla and his father went to Hunter's mother's house in an attempt to resolve the matter and get his car back, but they were unsuccessful.

Bonilla later spoke with his uncle, Orlando Ortiz, a detective with the Philadelphia Police Department.  Bonilla told his uncle who robbed him, naming Hunter and referring to Bonaparte by his nickname, "Peanut." Detective Ortiz referred Bonilla to Detective Liebsch.  Detective Liebsch took a statement from Bonilla, in which Bonilla identified Hunter and Bonaparte as his assailants. Bonilla told the detective that he did not identify his assailants

in his initial statement with police because he was afraid that they would harm his mother and he thought he could resolve the matter by reasoning with Hunter's family.

On December 11, 2012, Bonilla's father called the police when he saw Hunter walk into Chuckles Bar. Police responded to the scene, and Bonilla's father identified Hunter to them as he exited the bar. The police then arrested Hunter. On December 13, 2012, police found Bonilla's stolen Pontiac parked in Northwest Philadelphia. As they approached the car, a man ran from out of the driver's seat of the car. He was apprehended by the police and later identified as Troy Todd, Bonaparte's step-brother.

Hunter and Bonaparte were tried together. A jury found Hunter guilty of the three crimes listed above. The trial court sentenced him to four to ten years of imprisonment for robbery and three to six years for criminal conspiracy. The trial court also sentenced him to a concurrent term of two to four years for robbery of a motor vehicle. Hunter then filed this timely appeal.

Hunter presents the following issues for our review: "[1.] Was there sufficient evidence to support a verdict of guilty of [r]obbery, [r]obbery of [m]otor [v]ehicle and [c]onspiracy? [2.] Did the [trial] court err [by] imposing consecutive sentences for [c]onspiracy with the two [r]obbery convictions when it arose out of the same incident?" Hunter's Brief at 4.

In his first issue, Hunter purports to challenge the sufficiency of the evidence supporting his convictions. The only argument Hunter puts forth in support of his claim, however, points out inconsistencies in Bonilla's testimony and questions the credibility of his identification of Hunter and Bonaparte as the robbers. Hunter's Brief at 8-9. The credibility of the witness is addressed to the weight of the evidence, not the sufficiency of the evidence. ***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009).

"[A] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion." ***Commonwealth v. Thompson***, 93 A.3d 478, 490 (Pa. Super. 2014) (internal citations omitted); ***see also*** Pa.R.Crim.P. 607. The record reveals that Hunter did not challenge the weight of the evidence in any way before sentencing. It also reveals that Hunter did file a post-sentence motion, but he did not include a challenge to the weight of the evidence therein. ***See*** Motion for Reconsideration of Sentence, 4/9/14. Accordingly, he has waived this issue.

In his remaining issue, Hunter argues that the trial court abused its discretion by imposing consecutive sentences. Hunter's Brief at 9-10.[4] This

---

[4] In this argument, Hunter also states that his sentence was excessive in consideration of his low prior record score and his age. Hunter's Brief at 10.

argument challenges the discretionary aspects of Hunter's sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b). *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

*Id.*

Hunter's appeal was timely filed and, as noted above, he filed a post-sentence motion seeking reconsideration of his sentence. However, Hunter has not included a statement in his brief pursuant to Pa.R.A.P. 2119(f). Furthermore, the Commonwealth has objected to Hunter's failure to include a Pa.R.A.P. 2119(f) statement in his brief. Commonwealth's Brief at 10. Where an appellant has failed to include a Rule 2119(f) statement in his

---

To the extent that this bald statement is intended to be a separate challenge to the discretionary aspects of Hunter's sentence, we find it waived, as Hunter did not include it in his statement of questions involved. *Commonwealth v. Einhorn*, 911 A.2d 960, 969 n.2 (Pa. Super. 2006) (stating that issue not explicitly raised in appellant's statement of the questions involved is waived); Pa.R.A.P. 2116(a).

brief and the Commonwealth objects to this omission, this Court is precluded from reviewing the merits of the claim and we must deny the request for appeal. ***Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa. Super. 2004). Accordingly, we cannot review Hunter's claim challenging the discretionary aspects of his sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2015