J-A07040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARL WILLIAM SMITH, IV | |
| Appellant | No. 643 WDA 2015 |

Appeal from the Judgment of Sentence January 28, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0002247-2013

BEFORE:  BOWES, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED APRIL 13, 2016**

A jury found Carl Smith, IV guilty of unlawful contact with a minor, corruption of minors and indecent assault.[1]  Prior to sentencing, Smith made an oral motion challenging the weight of the evidence.  The trial court denied the motion and sentenced Smith to 1-2 years' imprisonment.  Smith filed timely post-sentence motions, which the court denied, and a timely notice of appeal.  Both Smith and the trial court complied with Pa.R.A.P. 1925.  We affirm.

Smith raises two issues in this appeal:

1. Did the trial court err in denying, at trial, [Smith's] motion for judgment of acquittal on the charges of unlawful contact with a minor, corruption of minors and indecent assault - less than 13 years of age?

---

[1] 18 Pa.C.S. §§ 6318(a)(1), 6301(a)(1)(ii) and 3126(a)(7), respectively.

2. Did the trial court err in denying [Smith's] oral motion, prior to sentencing, for the award of a new trial and/or an arrest of judgment alleging that the verdict of guilty entered against [Smith] in the above-captioned matter was against the weight of the evidence?

Brief For Appellant, at 7.

Smith's first argument is a challenge to the sufficiency of the evidence.

When examining a challenge to the sufficiency of evidence, the standard we

apply is

> whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Hansley***, 24 A.3d 410, 416 (Pa.Super.2011).

The trial court accurately summarized the evidence adduced during

trial:

> During the trial which was held January 6 - January 7, 2015, the victim, J.P., was nine years old, but [she was] seven years of age when the crimes occurred. She told the jury that in December 2012, [Smith] lived in a two-story apartment with his

- 2 -

wife and their daughter, Jasmine, with whom the victim was friends. The victim stayed at the apartment overnight. On one occasion when she stayed overnight in late December 2012, J.P. saw [Smith] in his bedroom on his bed, loading a movie that she had watched previously onto his laptop computer. Because she knew she liked the movie, J.P. asked [Smith] if she could watch it. As J.P. was on the bed watching the movie, [Smith] put his hands on her face and kissed her, then put his hand on her private part and rubbed her, both outside and inside her clothes.

Pa.R.A.P. 1925(a) Opinion, at 1-2. The record also establishes that Smith touched J.P.'s vagina, which she referred to as her "peach". N.T., 1/6/15, at 15.

A person is guilty of indecent assault if, inter alia, he has indecent contact with the complainant when the complainant is less than 13 years of age. 18 Pa.C.S. § 3126(a)(7). "Indecent assault" includes "any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101.

Smith argues that there is no evidence that he touched J.P.'s sexual or other intimate parts for the purpose of arousing or gratifying sexual desire. We disagree. This Court rejected a similar argument in **Commonwealth v. Evans**, 901 A.2d 528 (Pa.Super.2006), as follows:

Appellant submits that 'a kiss on the mouth is not the type of conduct the statute was intended to prevent.' … He argues that 'there was no touching of an intimate part of the victim's person for the purpose of arousing or gratifying sexual desire.' We disagree. Quite to the contrary, the act of wrapping one's arms around another person and inserting one's tongue into another's mouth clearly involves the touching of an intimate part of that person. We agree with the Commonwealth that such an act does not occur outside of the context of a sexual or intimate situation.

*Id*. at 533.  The same logic applies here.  Smith's acts of putting his hands on J.P's face, kissing her and then touching her vagina simply do not occur outside of a sexual or intimate situation.  These reprehensible acts were for the purpose of arousing or gratifying Smith's sexual desire.

Smith also argues that the Commonwealth failed to prove absence of consent by J.P. to Smith's conduct.  It was not necessary for the Commonwealth to prove lack of consent.  It charged Smith under 18 Pa.C.S. § 3126(7), which only requires proof of indecent contact with a complainant who is less than 13 years old.  Proof of lack of consent is only necessary under section 3126(1), a different subsection which Smith was not charged with violating.

The evidence was also sufficient to sustain Smith's conviction for corruption of minors under 18 Pa.C.S. § 6301(a)(1)(ii).  This provision states in relevant part: "Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age … commits a felony of the third degree."  In this case, the "course of conduct in violation of Chapter 31" was Smith's indecent assault under section 3126(7).  The evidence also established that at the time of the offense, Smith was over 18 years old and J.P. was less than 18 years old.

Next, the evidence was sufficient to sustain Smith's conviction for unlawful contact under 18 Pa.C.S. § 6318(a)(1), which provides: "A person

commits an offense if he is intentionally in contact with a minor … for the purpose of engaging in an activity prohibited under any of the following … Any of the offenses enumerated in Chapter 31 (relating to sexual offenses)." The evidence demonstrates that Smith was intentionally in contact with J.P. for the purpose of engaging in indecent assault, an offense proscribed under section 3126(7).

For these reasons, Smith's challenge to the sufficiency of the evidence is devoid of merit.

In his second issue on appeal, Smith insists that the verdict is against the weight of the evidence. At the outset, we note that Smith preserved this issue for appeal by verbally objecting to the weight of the evidence during his sentencing hearing. Pa.R.Crim.P. 607(A)(1).

The law pertaining to weight of the evidence claims is well-settled. The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. *Commonwealth v. Forbes*, 867 A.2d 1268, 1273–74 (Pa.Super.2005). A new trial is not warranted because of "a mere conflict in the testimony" and must have a stronger foundation than a reassessment of the credibility of witnesses. *Commonwealth v. Bruce*, 916 A.2d 657, 665 (Pa.Super.2007). Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of

greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. *Id.*

On appeal, "our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence." *Commonwealth v. Knox*, 50 A.3d 732, 738 (Pa.Super.2012). An appellate court may not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice. *Forbes*, 867 A.2d at 1273–74.

According to Smith, the verdict is against the weight of the evidence because J.P. changed her version of events over the course of time. The record shows that Smith vigorously contested J.P.'s credibility during trial, but the jury chose to believe J.P.'s testimony. Having carefully reviewed the record, we conclude that the trial court acted within its discretion by declining to find that the verdict is so contrary to the evidence as to shock its conscience.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/13/2016