J-S40033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BRIAN THOMAS, | : | |
| | : | |
| Appellant | : | No. 1302 EDA 2015 |

Appeal from the Judgment of Sentence May 1, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s):  CP-51-CR-0011987-2014

BEFORE:  BOWES, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:           **FILED JULY 22, 2016**

Brian Thomas ("Thomas") appeals from the judgment of sentence imposed following his conviction of Attempted Theft by Taking of Movable Property.[1]  We dismiss the appeal.

On April 25, 2014, the store owner of Produce City Flowers at 6600 Frankford Avenue in Philadelphia, witnessed Thomas attempting to remove the cash register from the counter.  Thomas asserted that he believed the cash register was for sale and wished to use it for his hot dog stand.  The owner called the police, who subsequently arrested Thomas.

On October 10, 2014, the Municipal Court of Philadelphia found Thomas guilty of attempted theft.  The court sentenced Thomas to one to two years in prison.  Thomas filed an appeal *de novo*.  Following a bench trial, the trial court found Thomas guilty of the above-mentioned crime.  The

---

[1] *See* 18 Pa.C.S.A. § 901.

trial court sentenced Thomas to two to four years in prison, after which Thomas filed a Post-Sentence Motion. On May 1, 2015, the trial court granted Thomas's Motion, and reduced the sentence to twenty-one to forty-two months in prison.

Thomas filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

On appeal, Thomas raises the following question for our review:

Did not the trial court err and abuse its discretion by imposing a sentence that was manifestly excessive and was based, in part, on an impermissible factor, namely the court's unfounded speculation that [Thomas], charged with and convicted of attempted theft, would have assaulted the complainant had police not quickly arrived on the scene?

Brief for Appellant at 3.

Thomas contends that the sentencing judge abused his discretion in imposing a manifestly excessive sentence of twenty-one to forty-two months in prison for attempted theft. *Id.* at 11. Thomas argues that his sentence, which is the maximum sentence within the aggravated range of the sentencing guidelines, is excessive because the court relied upon an impermissible sentencing factor. *Id.* at 11-14.

Thomas challenges the discretionary aspects of his sentence.

Prior to reaching the merits of a discretionary sentencing issue, an appellate court conducts a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is

substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted).

Here, Thomas was resentenced on May 1, 2015, and he did not raise any new sentencing claim at the sentencing hearing, or file a post-sentence motion challenging his new sentence.[2] ***See Commonwealth v. Evans***, 901 A.2d 528, 534 (Pa. Super. 2006) (holding the defendant's challenges to the discretionary aspects of sentencing were waived because he failed to raise the claims at the sentencing hearing or file a post-sentence motion as required by Pa.R.Crim.P. 720).[3] Thus, his sole claim is waived and we cannot review it on appeal.[4]

Appeal dismissed.

---

[2] Thomas did not raise a claim regarding the trial court's reliance on an impermissible factor in the Post-Sentence Motion filed following his initial sentence.

[3] We note that, after resentencing, Thomas's counsel informed Thomas that he had 30 days to file an appeal, and ten days to seek reconsideration. N.T., 5/1/15, at 10. Thomas's counsel further observed that "we just sought reconsideration, [s]o there's no point in doing that." ***Id.*** Thomas is free to file a Petition for relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546, and raise an ineffective assistance of counsel claim regarding sentencing.

[4] We note that the trial court provided numerous explanations, including Thomas's vast criminal record, for imposing the sentence. ***See*** Trial Court Opinion, 8/13/15, at 3-4.

J-S40033-16

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2016