J-S69042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEREMY ALLEN TRESSELT, | |
| Appellant | No. 432 MDA 2016 |

Appeal from the Judgment of Sentence February 16, 2016
in the Court of Common Pleas of Schuylkill County
Criminal Division at No.: CP-54-CR-0001224-2013

BEFORE:  STABILE, J., DUBOW, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:              **FILED OCTOBER 05, 2016**

Appellant, Jeremy Allen Tresselt, appeals from the judgment of sentence imposed following his open guilty plea to burglary, criminal conspiracy, criminal trespass, theft by unlawful taking, receiving stolen property, and criminal mischief.[1]  We affirm.

We take the following facts and procedural background from the trial court's opinion and our independent review of the certified record.  As explained by the trial court, on October 20, 2014,

> [Appellant pleaded] guilty to conspiring with a juvenile and
> another adult to burglarize the [Vraj] Temple in Wayne

---

Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3502(a)(4), 903(a)(1), 3503(a)(1)(i), 3921(a), 3925(a), and 3304(a)(5), respectively.

Township, Schuylkill County, illegally entering the Temple on June 19, 2013[,] and prying open and stealing money contained in donation boxes. [Appellant] and the juvenile entered the Temple to commit the substantive crimes while the other adult served as a look-out. The trio split the stolen money which police had calculated to be $13,050.00.

(Trial Court Opinion, 5/16/16, at 3).

The court scheduled a sentencing hearing for November 14, 2014, and directed the preparation of a presentence investigation report (PSI). Appellant did not appear on November 14, 2014, and his counsel requested a continuance because Appellant's mother was in the hospital. The court continued the hearing until December 5, 2014, and ordered that the PSI be supplemented with information about a sentence that was imposed on Appellant in Lebanon County on October 15, 2014.

Appellant failed to appear at the December 5, 2014 hearing, and a bench warrant was issued. Subsequently, the trial court became aware that Appellant had been apprehended and was incarcerated in Lebanon County for two burglary cases against him there. On January 22, 2016, the trial court scheduled Appellant's sentencing hearing for February 16, 2016.

At the February 16, 2016 hearing, the court sentenced Appellant to an aggregate term of not less than two nor more than four years' incarceration, plus one year of probation, to be served consecutively to the sentence he was then-serving in Lebanon County of not less than two nor more than six years' imprisonment. (**See** N.T. Sentencing Hearing, 2/16/16, at 23-24).

Appellant did not file a post-sentence motion. He timely appealed on March 16, 2016.[2]

Appellant raises one question for our review: "Whether the sentence imposed was excessive to the degree that it amounted to an abuse of discretion?" (Appellant's Brief, at 4). Appellant's issue implicates the discretionary aspects of his sentence. *See Commonwealth v. Bonner*, 135 A.3d 592, 603 (Pa. Super. 2016).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. Prior to reaching the merits of a discretionary sentencing issue:
>
> > [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.

---

[2] Pursuant to the court's order, Appellant filed a timely concise statement of errors complained of on appeal on April 12, 2016. The trial court filed an opinion on May 16, 2016. *See* Pa.R.A.P. 1925.

*Commonwealth v. Evans*, 901 A.2d 528, 533-34 (Pa. Super. 2006), *appeal denied*, 909 A.2d 303 (Pa. 2006) (case citations and quotation marks omitted).

Here, Appellant has satisfied the first prong of the four-factor test because he filed a timely notice of appeal. (**See** Notice of Appeal, 3/16/16). However, he failed to satisfy the second prong because he did not raise his claim either at the sentencing hearing or in a post-sentence motion. (**See** Sentencing Hearing, at 21-27; Docket No. 1224-2013, at 12). Consequently, Appellant has waived his discretionary aspects of sentence issue for our review. **See Evans**, **supra** at 534 (finding appellant waived issue by failing to raise it at hearing or in post-sentence motion). Therefore, because Appellant has waived his only issue on appeal, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/5/2016

- 4 -