J-S73039-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEITH EDWARD GALVIN, JR., | : | |
| | : | |
| Appellant | : | No. 885 MDA 2017 |

Appeal from the Judgment of Sentence May 4, 2017
in the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002429-2016

BEFORE:  OLSON, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 04, 2018**

Keith Edward Galvin, Jr. (Appellant) appeals from the judgment of sentence entered May 4, 2017, after he was found guilty of, *inter alia*, indecent assault.  We affirm.

The trial court summarized the pertinent factual history as follows.

> On March 8, 2016, [B.G.] went to Lords and Ladies in Blandon, Berks County, Pennsylvania, for a massage.  [B.G.] had a scheduled appointment for a massage which was given to her as a Christmas gift to help alleviate her neck and back pain.  She was unable to select her massage therapist when she made her appointment.  [B.G.] had never received a massage prior to this date.
>
> While at Lords and Ladies, [B.G.] met Appellant, her massage therapist, for the first time in the reception area when he handed her a health questionnaire to complete.  [B.G.] completed the paperwork and informed Appellant she was having pain in her neck and back areas.  Prior to performing the massage, Appellant discussed the massage procedure with [B.G.] and also offered her aroma therapy and deep tissue massage.  Appellant then requested that [B.G.] undress to her level of comfortability

* Retired Senior Judge assigned to the Superior Court

and he exited the room. [B.G.] removed all of her clothes and lay on the massage table underneath a sheet. Appellant knocked and re-entered the room with [B.G.'s] permission.

Appellant began the massage of [B.G.] with her arms and then around her neck and shoulders as she was lying on her back. Appellant pulled down the sheet covering [B.G.'s] breasts and began massaging her pectoral muscles. Appellant then proceeded to grope and fondle [B.G.'s] breasts. Appellant fondled both of [B.G.'s] breasts multiple times for approximately one minute without explanation to [B.G.]. At no time did [B.G.] consent to Appellant touching her breasts.

Appellant left [B.G.'s] breasts exposed and then moved to [B.G.'s] right leg. As he was working on her leg, Appellant's fingers brushed [B.G.'s] vagina two to three times. Appellant then moved his hand so that he was only rubbing [B.G.'s] vagina which lasted for one to two minutes. [B.G.] did not give Appellant consent to touch her vagina. After Appellant rubbed [B.G.'s] vagina, he asked twice if [B.G.] was comfortable but she did not respond. Appellant apologized to [B.G.] and stated that he doesn't normally do that and he can do a lot of good in this world if [B.G.] doesn't tell anyone about what had happened. Appellant then quickly finished [B.G.'s] massage without further incident. Appellant informed [B.G.] that if she would keep her mouth shut he would remove some of the add-ons from her receipt. [B.G.'s] receipt indicated that she was not charged for deep tissue massage. After [B.G.] left Lords and Ladies, she contacted her mother and informed her of what had occurred. [B.G.'s] mother called the police who instructed [B.G.], through her mother, to go to the strip mall parking lot across the street and wait for her father and the police to arrive.

Officer Alan C. Shinkus of the Northern Berks Regional Police Department arrived in the parking lot with [B.G.'s] father. It took approximately 10 to 15 minutes for Officer Shinkus to arrive. Officer Shinkus observed that [B.G.] appeared visibly upset, distraught and looked like she had been crying when he arrived on scene. Officer Shinkus was with [B.G.] at the strip mall for approximately 5 or 10 minutes. Officer Shinkus had a brief discussion with [B.G.] about what had occurred and then instructed her to follow him back to the Northern Berks Regional Police Department where she was interviewed by Officer Shinkus. [B.G.] was very distraught during the interview.

Appellant was interviewed by Officer Officer Shinkus. Appellant denied fondling [B.G.'s] breasts but admitted to his knuckles rubbing against [B.G.'s] vagina as a result of a trip and fall that occurred during the massage.

Trial Court Opinion, 7/27/2017, at 2-4 (citations omitted).

Following a bench trial, Appellant was found guilty of indecent assault and harassment. On May 4, 2017, the trial court sentenced Appellant to three to 23 months' incarceration and a $400 fine. Appellant filed post-sentence motions averring, *inter alia*, that the verdict was against the weight of the evidence. The trial court denied Appellant's post-sentence motions on May 15, 2017. Appellant then timely filed a notice of appeal.[1]

On appeal, Appellant raises claims challenging the weight and sufficiency of the evidence to sustain his indecent assault conviction. Appellant's Brief at 6.

In reviewing Appellant's sufficiency claim, we are mindful of the following.

[O]ur standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

---

[1] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

*Commonwealth v. Lynch*, 72 A.3d 706, 707-08 (Pa. Super. 2013) (internal citations and quotation marks omitted). The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant. *Commonwealth v. Markman*, 916 A.2d 586, 598 (Pa. 2007).

A person commits the crime of indecent assault when "the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and [] the person does so without the complainant's consent." 18 Pa.C.S. § 3126(a)(1).

> The separate crime of indecent assault was established because of a concern for the outrage, disgust, and shame engendered in the victim rather than because of physical injury to the victim. Due to the nature of the offenses sought to be proscribed by the indecent assault statute, and the range of conduct proscribed, the statutory language does not and could not specify each prohibited act.

*Commonwealth v. Provenzano*, 50 A.3d 148, 153 (Pa. Super. 2012) (citation omitted).

Appellant contends the evidence was insufficient to sustain his conviction because the Commonwealth failed to prove that Appellant "had indecent contact with [B.G.] for the purpose of arousing sexual desire in either one of them." Appellant's Brief at 18. Specifically, Appellant argues that

there is a factual dispute over the extent to which Appellant made contact with [B.G.'s] breasts. Yet, viewing the light most favorable to the Commonwealth there is a legitimate purpose, besides sexual gratification or arousal, for some contact with [B.G.'s] breasts. The pectoral muscles surround the breast, and Appellant obtained consent to perform a pectoral massage because he believed it would be beneficial to [B.G.] in relieving pain and stress. Appellant disputes that [B.G.'s] breasts were exposed during the massage, but in the light most favorable to the Commonwealth, this fact amounts to a violation of professional standards, not a crime under the indecent assault statute.

Likewise, there is a factual dispute as to the extent of contact Appellant had with [B.G.'s] vagina. In the light most favorable to the Commonwealth, contact with [B.G.'s] vagina was in the context of a massage of [B.G.'s] legs and gluteal muscles. Appellant was at no time told to stop the massage or stop a particular motion. [B.G.] was completely nude and in a self-reported "state of panic" that left her unable to remember certain specific details. Vaginal contact during a massage is undoubtedly inappropriate and against professional standards, but it only amounts to the crime of indecent assault if the contact is for the purposes of sexual gratification. There is no evidence, direct or otherwise, of sexual gratification or arousal of either party, nor is there a basis for a reasonable inference of sexual gratification or arousal to be drawn.

*Id.* at 20-21 (citations omitted).

The trial court responded to Appellant's claim as follows.

In the case at bar, Appellant does not dispute that he had indecent contact with [B.G.] but argues that his purpose was not for arousing sexual desire in himself and/or [B.G.]. At trial, Appellant testified that he had indecent contact with [B.G.] due to a trip and fall. However, th[e trial c]ourt disagrees. [B.G.] was in a position of vulnerability when lying on the massage table with only a sheet between her body and Appellant. Appellant took advantage of his position and fondled [B.G.'s] breasts for approximately one minute without [B.G.'s] consent. Appellant's assault of [B.G.] continued as he proceeded with the massage of her right leg and brushed [B.G.'s] vagina two to three times with his fingers. Appellant then moved his hand so that he was only

- 5 -

rubbing [B.G.'s] vagina which lasted approximately one to two minutes and was also done without her consent. As stated by the Pennsylvania Superior Court in [**Commonwealth v. Evans,** 901 A.2d 528, 533 (Pa. Super. 2006)] "such [acts do] not occur outside of the context of a sexual or intimate situation." Appellant's contact with [B.G.] was not accidental. The length of time Appellant spent touching [B.G.'s] breasts and vagina clearly indicated to th[e trial c]ourt that he intended to arouse sexual desire in himself and/or [B.G.]. Appellant's actions were in no way consistent with his role as [B.G.'s] massage therapist. As stipulated to by the parties, if the Commonwealth's expert, Ms. Porambo, would have been called to testify, she would have rendered her professional opinion that Appellant acted inappropriately during the massage with respect to draping and inappropriate touch and did not act in accordance with the Professional Standards of Massage Therapy.

Appellant's conduct following the assault of [B.G.] is further evidence that he intended to arouse sexual desire in himself and/or [B.G.]. After Appellant had finished rubbing [B.G.'s] vagina, Appellant asked [B.G.] twice if she was comfortable but [B.G.] did not respond. He explained to [B.G.] that he doesn't normally do this to his clients. Appellant attempted to remedy the situation when he offered an apology to [B.G.], explained how he can do a lot of good in this world, and removed the charge for deep tissue massage from [B.G.'s] bill so that [B.G.] would not tell anyone what had happened. It is evident to th[e trial c]ourt that Appellant knew his conduct was inappropriate and that he had victimized [B.G.] to arouse sexual desire in himself and/or [B.G.]. Appellant was hoping to mitigate the damage he had done and limit his personal exposure through his subsequent efforts to keep [B.G.] from disclosing what had just occurred. The evidence, accepted in the light most favorable to the Commonwealth, demonstrated the elements of [i]ndecent [a]ssault beyond a reasonable doubt. Appellant's conviction for [i]ndecent [a]ssault should be upheld.

Trial Court Opinion, 7/27/2017, at 8-9 (citations omitted).

We agree with the trial court's conclusions. The Commonwealth presented evidence, including the testimony from B.G., which led the court to conclude that the type of touching detailed by B.G. was not done as part of a

properly-conducted massage. Despite the lack of "direct" evidence to support a finding that the contact was made for the purposes of sexual arousal, the trial court cited Appellant's behavior and statements to B.G. as additional proof that Appellant was aware of his inappropriate behavior and tried to remedy the situation so B.G. would not disclose what had occurred. Furthermore, the court posited that this inappropriate touching served no legitimate professional purpose and that based on the type of touching and length of time during which it occurred, the trial court concluded that the inappropriate contact was made to arouse sexual desire in Appellant or B.G., without B.G.'s permission. Based on the foregoing, the testimony, if believed by the fact-finder, was sufficient to sustain Appellant's conviction. ***See Evans,*** 901 A.2d at 533 ( "[T]he act of wrapping one's arms around another person and inserting one's tongue into another's mouth clearly involves the touching of an intimate part of that person. We agree with the Commonwealth that such an act does not occur outside of the context of a sexual or intimate situation."). Appellant's sufficiency challenge fails*.*

Next, we begin our review of Appellant's weight-of-the-evidence argument by setting forth our standard of review.

> The decision of whether to grant a new trial on the basis of a challenge to the weight of the evidence is necessarily committed to the sound discretion of the trial court due to the court's observation of the witnesses and the evidence. A trial court should award a new trial on this ground only when the verdict is so contrary to the evidence as to shock one's sense of justice. … Our review on appeal is limited to determining whether the trial

- 7 -

court abused its discretion in denying the motion for a new trial on this ground.

***Commonwealth v. Chamberlain,*** 30 A.3d 381, 396 (Pa. 2011) (citations omitted). "Not merely an error in judgment, an abuse of discretion occurs when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence on record." ***Commonwealth v. Handfield***, 34 A.3d 187, 208 (Pa. Super. 2011) (quoting ***Commonwealth v. Cain***, 29 A.3d 3, 6 (Pa. Super. 2011)).

In support of his claim, Appellant argues that this case rested upon the credibility of the testifying witnesses, and that B.G.'s

> testimony lacked the credibility necessary to establish that Appellant had indecent contact with her for the purpose of arousing sexual desire in the person or the complainant, without the complainant's consent. … A proper reweighing of the evidence demonstrates that there is no credible evidence that Appellant intentionally touched [B.G.] inappropriately.

Appellant's Brief at 25. Specifically, Appellant contends, *inter alia*, that B.G.: (1) "admitted to suffering from anxiety, for which she was prescribed Xanax[;]" (2)"consented to a pectoral and gluteal massage, regions close to the breasts and genitalia" even though she never had a massage before; (3) decided to completely undress; (4) had her eyes closed during the massage, and therefore her allegations were based "on the sensation of touch alone[;]" (5)did not request the massage to stop at any point; (6) responded "the entire

thing" when asked after the massage had ended what her favorite part of the massage was.[2]  *Id.* at 23-24

> In its 1925(a) opinion, the trial court offered the following:
>
> Appellant claims that th[e trial court's] verdict was against the weight of the evidence.  However, as set forth above in th[e trial court's] analysis of the sufficiency of the evidence, the verdict was not contrary to the evidence as th[e trial c]ourt was presented with a case upon which to convict Appellant.  Th[e trial c]ourt evaluated the evidence, determined the credibility of the witnesses and, when assessing the weight of the evidence, believed the evidence presented by the prosecution and rendered a guilty verdict. … [T]he verdict was consistent with the evidence presented and did not shock anyone's sense of justice.

Trial Court Opinion, 7/27/2017, at 12.

We discern no abuse of discretion in the trial court's conclusion.[3]  It is well-settled that it is within the province of the fact-finder, to review the evidence and assess the credibility of the testifying witnesses.  *See* *Chamberlain*, 30 A.3d at 396 ("A motion alleging the verdict was against the weight of the evidence should not be granted where it merely identifies contradictory evidence presented by the Commonwealth and the defendant.").

---

[2] B.G. admitted at trial that she had responded that the "entire" massage was her favorite part, but explained that it was not true and she answered as such in order "to get out of there as soon as [she] could."  N.T., 2/10/2017, at 49.

[3] This was a non-jury trial.  It is hard to see how a judge can be shocked by his or her own verdict. *See Commonwealth v. Walsh,* (36 A.3d 613, 622 n. 5) ("Although we recognize that weight of the evidence claims have been addressed in non-jury cases, there is a logical inconsistency in asking a trial judge to conclude that her verdict shocked her own conscience.").

Accordingly, after a thorough review of the record and briefs, we find Appellant has presented no issue on appeal which would convince us to disturb his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2018