J-S45006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
    :           PENNSYLVANIA
    :
v.    :
    :
    :
BRADLEY RYAN GRIM,    :
    :
Appellant    :    No. 65 MDA 2018

Appeal from the Judgment of Sentence December 6, 2017
in the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0005646-2002

BEFORE:   OTT, J., MUSMANNO, J., and PLATT*, J.

MEMORANDUM BY MUSMANNO, J.:    **FILED DECEMBER 03, 2018**

Bradley Ryan Grim ("Grim") appeals from the judgment of sentence imposed after he was resentenced pursuant to ***Miller v. Alabama***, 567 U.S. 460 (2012), and ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016).[1]  We affirm.

On July 19, 2002, sixteen-year-old Grim and three other individuals conspired to rob the residence of a local drug dealer.  Under the pretense of purchasing marijuana, Grim and one co-conspirator entered the residence

---

[1] In ***Miller***, the United States Supreme Court held that sentencing schemes which mandate life in prison without parole for defendants who committed their crimes while under the age of eighteen violate the Eighth Amendment's prohibition on "cruel and unusual punishments."  ***Miller***, 567 U.S. at 465. In ***Montgomery***, the United States Supreme Court has held that ***Miller's*** decision applies retroactively.  ***Montgomery***, 136 S. Ct. at 736.

---

*   Retired Senior Judge assigned to the Superior Court.

unarmed. The other two co-conspirators emerged from the bushes with sawed-off shotguns and robbed the residence. During the robbery, a co-conspirator shot and killed an individual in the residence.

On November 26, 2003, the a jury found Grim guilty of second-degree murder, recklessly endangering another person, robbery, conspiracy to commit burglary, and conspiracy to commit robbery.[2] For his conviction of second-degree murder, the trial court sentenced Grim to a mandatory term of life in prison.[3] This Court affirmed the judgment of sentence, and the Supreme Court denied allowance of appeal. *See Commonwealth v. Grim*, 863 A.2d 1223 (Pa. Super. 2004), *appeal denied*, 868 A.2d 451 (Pa. 2005). Grim filed numerous Post Conviction Relief Act ("PCRA") petitions, all of which were denied. However, following the decisions in *Miller* and *Montgomery*, Grim obtained PCRA relief, and a resentencing hearing was scheduled.

On December 6, 2017, Grim was resentenced to 30 years to life on the murder charge. The trial court also granted Grim 5,551 days for time served.[4] No post-sentence motions were filed. On January 9, 2018, Grim filed a *pro se* Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Errors complained of on appeal. On March 6, 2018, this Court remanded to

---

[2] *See* 18 Pa.C.S.A. §§ 2502(b), 2705, 3701(a)(1)(i),(ii), 903(a)(1),(2).

[3] The sentences for the remaining convictions were imposed concurrently.

[4] According to the trial court, Grim would have to serve less than 15 years to reach his minimum release date. *See* Trial Court Opinion, 2/21/18, at 2.

the trial court to determine whether counsel had abandoned Grim. Following

a hearing, the trial court determined that Grim preferred to have court-

appointed counsel for the direct appeal, and appointed Grim counsel. Grim,

through counsel, filed a Motion to Vacate to allow for the filing of a new concise

statement. On May 14, 2018, this Court denied Grim's counsel's Motion to

Vacate.

On appeal, Grim raises the following questions for our review:

1. The [trial court] did not afford [Grim] a proper resentencing hearing under the Juvenile Lifer [statutes] established in **Miller** [because]

   a. The [trial court] did not utilize the opinion of [a] Mitigating Expert [t]hat he [o]rdered that [Grim] be evaluated by[.] However[,] the evaluation never took place [d]epriving [Grim] of a fair informed decision by the [trial court] as established in **Miller**.

   b. The [trial court] limited how many [c]haracter witnesses that [Grim] was allowed to speak on [Grim's] behalf at [his] resentencing hearing.

   c. The [trial court] did not use diligence in reviewing other resentencing hearings for Juvenile Lifers nor did the [trial court] resentence [Grim] as an individual based on [his] rehabilitation but on [ ] the actions of [his] codefendant.

2. [Grim's] Attorney prejudiced [the] defense [w]hen she did not utilize the Mitigating Expert [t]hat [Grim] was granted [in] order to be evaluated by 9 months prior to [the] [r]esentencing [h]earing.

Brief for Appellant at 4 (emphasis, quotation marks, and some capitalization

omitted).

In his first claim, Grim challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [we] conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (quotation marks and citations omitted).

Here, Grim has filed a timely Notice of Appeal, but he did not preserve the issue at sentencing or in a motion to reconsider or modify the sentence. *Id.* Thus, the issue is waived and cannot be reviewed on appeal. *See Commonwealth v. Evans*, 901 A.2d 528, 534 (Pa. Super. 2006) (holding that the defendant's challenges to the discretionary aspects of sentencing were waived because he failed to raise the claims at the sentencing hearing or file a

post-sentence motion as mandated by Pa.R.Crim.P. 720).[5]

In his second claim, Grim argues counsel was ineffective at resentencing, and that Grim's direct appeal rights should be reinstated. Brief for Appellant at 13. However, ineffectiveness claims should be raised in a timely petition for relief filed pursuant to the PCRA. *See Commonwealth v. Grant*, 813 A.2d 726, 730 (Pa. 2002). Accordingly, this Court cannot review the claim on appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/03/2018

---

[5] In its Opinion, the trial court set forth its reasons for the sentence. *See* Trial Court Opinion, 2/21/18, at 4-7, 9-10; *see also* N.T., 12/6/17, at 33-38, 40-41. To the extent that Grim raises a legality of sentence claim, we conclude that Grim waived the claim for failing to develop it. *See* Pa.R.A.P. 2119(a).