J-S31019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                  : PENNSYLVANIA
                                  :
                v.                :
                                  :
                                  :
                                  :
GORDON LEE YOUNG                  :
                                  :
             Appellant            : No. 185 MDA 2020

Appeal from the Judgment of Sentence Entered November 18, 2019
In the Court of Common Pleas of Clinton County Criminal Division at
              No(s):  CP-18-CR-0000638-2018

BEFORE:  BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                        **FILED JULY 23, 2020**

Appellant, Gordon Lee Young, appeals from the November 18, 2019 Judgment of Sentence entered in the Clinton County Court of Common Pleas following his open guilty plea to eight counts of Rape by Forcible Compulsion. Appellant challenges the discretionary aspects of his sentence. After careful review, we affirm.

On July 1, 2019, Appellant entered open guilty pleas to the above charges.[1] The trial court deferred sentencing pending preparation of a Pre-Sentence Investigation Report. Following a sentencing hearing on November

---

[1] The charges arose from Appellant's abuse of his teenage stepdaughter over a period of two years in the late 1990s.

18, 2019, the trial court sentenced Appellant to eight consecutive terms of five to twenty years' incarceration.[2]

On November 27, 2019, Appellant filed a Motion for Reconsideration of Sentence, in which he asserted that his sentence was excessive because: (1) he took responsibility for his actions by confessing and pleading guilty; (2) he did not contest the Sexual Offenders Assessment Board's finding that he is a Sexually Violent Predator; (3) the court failed to consider the length of time that had elapsed between the commission of the crimes in the late 1990s and the filing of charges; and (4) it is essentially a life sentence. On December 30, 2019, the trial court denied Appellant's Motion for Reconsideration.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> Did the [t]rial [c]ourt issue a Sentencing Order that was cruel and excessive in sentencing [Appellant] to an aggregate forty (40) year to one hundred sixty (160) year sentence when [Appellant] entered guilty pleas, took responsibility for his actions, cooperated with police, and the incidents giving rise to the matter stemmed from actions over twenty (20) years earlier?

Appellant's Brief at 4.

Appellant challenges the discretionary aspects of his sentence. Challenges to the discretionary aspects of sentencing are not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136,

---

[2] The standard range sentence for Rape by Forcible Compulsion is four to five and a half years' incarceration.

1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue, we must determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief sufficiently addresses the challenge in a statement included pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

Appellant has preserved his challenge by filing a timely Notice of Appeal, a Motion for Reconsideration of Sentence, and by including a Rule 2119(f) Statement in his Brief to this Court. We, thus, proceed to consider whether Appellant has raised a substantial question for our review.

Whether an appellant has raised a substantial question regarding discretionary sentencing is determined on a case-by-case basis. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation and quotation marks omitted).

Here, Appellant avers that the court abused its discretion in imposing "in effect, a life sentence for conduct that had occurred decades earlier." *Id.* at 9. He complains that the court "gave him no deference for the conciliatory

manner in which [he] conducted himself" and failed to take into consideration that he has lived a "law-abiding life outside of this incident"[3] and his military service. *Id.*

Appellant has not identified which provision of the Sentencing Code or fundamental norm underlying the sentencing process his sentence violates or offends. His argument is that the trial court did not properly weigh allegedly mitigating factors. Claims that the sentencing court did not adequately consider mitigating factors generally do not raise a substantial question. *See Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) ("This Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review.") (citation omitted); *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) ("[W]e have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question.") (citation omitted). We conclude, therefore, that Appellant has failed to present a substantial question in challenging the discretionary aspects of his sentence.[4]

---

[3] During this "law-abiding" period, Appellant served a sentence of 60 months' incarceration for a federal conviction of Possession of Child Pornography.

[4] To the extent that Appellant's claim that his sentence is "in effect, a life sentence" challenges the court's imposition of consecutive sentences, we note that such challenges do not raise a substantial question permitting our review. *See*, *e.g.*, *Commonwealth v. Austin*, 66 A.3d 798, 807-09 (Pa. Super. 2013) (where this Court found that the appellant had not presented a substantial question when he claimed that the imposition of consecutive sentences resulted in a "*de facto* life sentence"), *Commonwealth v. Prisk*,

Because Appellant has failed to present a substantial question, this Court has no jurisdiction to review Appellant's challenge to the discretionary aspects of his sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/23/2020

---

13 A.3d 526, 533 (Pa. Super. 2011) (rejecting the appellant's claim that the trial court's imposition of consecutive sentences effectively imposed a life sentence raised a substantial question).