J-S03010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                              :         PENNSYLVANIA
              v.              :
                              :
CHARLTON GLENN MITCHELL       :
                              :
          Appellant           :   No. 1245 WDA 2023

Appeal from the Judgment of Sentence Entered June 12, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0007613-2019

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:              **FILED: April 22, 2025**

Charlton Glenn Mitchell appeals from the judgment of sentence of life in prison without the possibility of parole, after a jury convicted him of murder of the first degree and related offenses.[1]  We affirm.

On the morning of June 1, 2019, Mitchell and Nathan Donelson attended a party at Jordan Lewis' home, along "with approximately 75-100 people." Trial Court Opinion, 3/20/24, at 4.  Around 1:30 a.m., Mr. Lewis forced Mitchell to leave his home.

Mitchell then went to his car, obtained a rifle, put on his ski mask, and returned to the party.  Finding Mr. Lewis on the front porch, Mitchell shot him three times in the back.  Two bullets pierced Mr. Lewis' aorta, killing him.

---

[1] 18 Pa.C.S.A. §§ 2501, 2702(a)(1), 2705, and 2707.1.  For his remaining convictions, the court sentenced Mitchell to a consecutive 6 to 12 years of incarceration.

Mitchell fled, but police eventually arrested him. He confessed to the shooting. *See id.* at 6.

The matter proceeded to a jury trial. Several dozen witnesses testified for the Commonwealth. Mr. Donelson testified for Mitchell's defense.

Mr. Donelson contended that, while he and Mitchell were at the party, Mr. Lewis and several men forced them into a private room. Mr. Lewis then allegedly stole a handgun from Mitchell, pointed that gun in Mitchell's face, claimed to be a retired United States Marine, and told Mitchell to get out of his house. Mr. Donelson said that he and Mitchell exited quickly and became separated. He then heard gunshots and went home with someone else.

During Mitchell's closing, based on Mr. Donelson's testimony, defense counsel argued to the jury that Mitchell returned to the party and killed Mr. Lewis to defend Mr. Donelson's life. The jury rejected Mitchell's version of the events and convicted him of murder. The trial court sentenced Mitchell as described above, and this appeal followed.

Mitchell's sole appellate issue is "whether [his] conviction for [murder of the first degree[2]] must be reversed where the Commonwealth failed to prove, beyond a reasonable doubt, that he acted with malice and the specific intent to kill?" Mitchell's Brief at 5.

_____

[2] A person commits murder of the first degree when a "criminal homicide . . . is committed by an intentional killing." 18 Pa.C.S.A. § 2502(a). An intentional killing is one "by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing." 18 Pa.C.S.A. § 2502(d).

On appeal, rather than attack the legal sufficiency of the prosecution's evidence or view that evidence in the light most favorable to the prosecution, Mitchell repeats his closing argument to the jury. Mitchell contends: "Claiming imperfect self-defense, [he] argued that, if the circumstances were such as he believed (*i.e.*, that Mr. Lewis presented an active ongoing threat to Mr. Donelson's life) he sincerely held a belief that lethal force was necessary." *Id.* at 13. "The evidence presented at trial established that Mitchell was reacting to a highly charged situation in which he genuinely believed his life and the life of his friend were in danger, as Mr. Lewis had violently robbed him and threatened him with his own firearm." *Id.* Mitchell then relates the testimony of Mr. Donelson and claims that that testimony is sufficient to prove that Mitchell was defending Mr. Donelson from Mr. Lewis, even though Mr. Donelson was no longer in the house when Mitchell killed Mr. Lewis. *See id.* at 17.

Thus, Mitchell asks this Court to reject the finding of the jury that the Commonwealth's evidence and witnesses were credible, and that Mr. Donelson was incredible. Mitchell's appellate argument completely misses the mark for a sufficiency-of-the-evidence claim. Instead of demonstrating what element of the offense the Commonwealth failed to prove, he tries to relegate the credibility of his star witness on appeal, as if this Court could substitute its judgment of witness credibility for that of the jury. This we may not do. The "jury is the sole finder of facts from the evidence presented at trial and

the sole judge of a witness' credibility." ***Commonwealth v. Hawkins***, 701 A.2d 492, 511 (Pa. 1997).

"Although the Commonwealth is required to disprove a claim of self-defense [or defense of others] arising from any source beyond a reasonable doubt, a jury is not required to believe the testimony of the defendant [or his witness] who raises the claim." ***Commonwealth v. Carbone***, 574 A.2d 584, 589, *amended on denial of reargument*, 585 A.2d 445 (Pa. 1990). The jury, as the sole finder of fact, is "free to disbelieve the evidence proffered by [a defendant] in support of claim of reduced intent and/or self-defense" ***Commonwealth v. Rivera***, 983 A.2d 1211, 1222 (Pa. 2009).

Here, the only testimony related to Mitchell's defense-of-others claim is Mr. Donelson's testimony during Mitchell's case-in-chief. He points to no other evidence that Mr. Lewis threatened him or Mr. Donelson. Because the jury rejected Mitchell's evidence of defense-of-others as incredible by convicting him, we may not revisit that credibility determination on appeal and substitute our judgment of the facts for that of the jury in a sufficiency-of-the-evidence claim. **See Hawkins** and **Carbone**, **supra**.

In fact, a sufficiency claim accepts the evidence of the Commonwealth as true, and this Court views the facts in the light most favorable to the Commonwealth. "Our well-settled standard of review when evaluating a challenge to the sufficiency of the evidence mandates that we assess the evidence and all reasonable inferences drawn therefrom in the light most

favorable to the verdict-winner." ***Commonwealth v. Evans***, 901 A.2d 528, 532 (Pa. Super. 2006).

Mitchell's appellate argument disregards that standard of review. He, instead, attempts to manufacture a trial *de novo* for himself before this Court and have us accept Mr. Donelson's version of events as true. Therefore, Mitchell's argument does not warrant relief on a sufficiency-of-the-evidence theory.

We dismiss Mitchell's appellate issue as meritless.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

4/22/2025