J-S71019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JASON BRADLEY :
:
Appellant : No. 2729 EDA 2017

Appeal from the Judgment of Sentence July 24, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009366-2016

BEFORE: PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.: **FILED MARCH 27, 2019**

Appellant, Jason Bradley, appeals from the July 24, 2017 Judgment of

Sentence entered in the Philadelphia County Court of Common Pleas following

his convictions of Robbery, Conspiracy, Theft by Unlawful Taking, Theft by

Receiving Stolen Property, Possession of an Instrument of Crime ("PIC"), and

Simple Assault.[1] On appeal, Appellant challenges the discretionary aspects of

his sentence. After careful review, we vacate Appellant's Judgment of

Sentence and remand for further proceedings.

The facts and procedural history are, briefly, as follows. On June 14,

2016, Appellant and another entered Walnut Food Market in West

Philadelphia, and asked if the store accepted food stamps. Appellant and the

other man then wandered throughout the store as if searching for items to

purchase. The men then returned to the front counter, whereupon Appellant

---

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii); 903; 3921(a); 3925(a); 907(a); and 2701(a).

went behind the counter and took money from the cash register and a cigar box, while the other man pointed a firearm at the cashier. Still images from the store's security camera showed Appellant and the other man within arms' length of each other throughout the commission of the robbery.

Appellant matched the physical description given by the cashier and his tattoos matched those on the suspect recorded by the store's video surveillance system. Appellant's fingerprint also matched one found on the cigar box.

Following a March 16, 2017 waiver trial, the court found Appellant guilty of the above crimes.

On July 24, 2017, the court held a sentencing hearing. At the hearing, Appellant's counsel argued that, because Appellant did not possess any weapon during the commission of the crime, the court should apply the deadly weapon enhancement "possessed" matrix when sentencing him. N.T. Sentencing, 7/24/17, at 6-7. Instead, the court applied the deadly weapon enhancement "used" matrix when sentencing Appellant on the Robbery conviction. The court concluded that, notwithstanding that Appellant did not wield a weapon during the commission of the crime, the deadly weapon enhancement applied because Appellant "had the ability, through his conspiracy with his co-defendant, to control and operate the firearm." *Id.* at

14. The court imposed an aggregate sentence of 5 to 10 years' incarceration followed by 3 years of reporting probation.[2]

On August 10, 2017, Appellant filed a *pro se* Notice of Appeal.[3] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> Did not the sentencing court err as a matter of law and abuse its discretion by misapplying the deadly weapon "used" sentencing enhancement guidelines when imposing [A]ppellant's sentence on the [R]obbery charge, where it is undisputed that someone other than [A]ppellant used a weapon during the commission of the crime?

Appellant's Brief at 3.

Appellant's claim that the trial court misapplied the deadly weapons enhancement challenges the discretionary aspects of his sentence. ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa. Super. 2008).

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. ***Commonwealth v. Hunter***, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902

---

[2] In particular, the court sentenced Appellant to a term of 5 to 10 years' incarceration for his Robbery conviction, and concurrent sentences of 5 to 10 years for his Conspiracy conviction, 2 to 4 years for each of his Theft and PIC convictions, and 1 to 2 years' for his Simple Assault conviction.

[3] On August 16, 2017, Appellant filed a *pro se* Motion to Modify Sentence. The trial court docket does not reflect that the court disposed of this untimely Motion.

and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted).

In the instant case, Appellant met the first three elements by filing a timely Notice of Appeal, properly preserving the issue at sentencing, and including a Statement of Reasons Relied Upon for Allowance of Appeal pursuant to Pa.R.A.P. 2119(f).

As to whether Appellant has presented a substantial question, we note:

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and quotation omitted).

Appellant's claim regarding the erroneous application of the deadly weapon enhancement raises a substantial question. *Commonwealth v. Tavarez*, 174 A.3d 7, 10 (Pa. Super. 2017) (citing *Phillips*, 946 A.2d at 112). Thus, we proceed to consider the merits of Appellant's claim.

"In reviewing a challenge to the discretionary aspects of sentencing, we evaluate the court's decision under an abuse of discretion standard." *Commonwealth v. Dodge*, 77 A.3d 1263, 1274 (Pa. Super. 2013) (citation

omitted). Additionally, "this Court's review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d)." ***Id.***

Section 9781(c) provides:

(c) Determination on appeal.--The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

Instantly, the trial court applied the deadly weapon "used" enhancement codified at 204 Pa. Code § 303.10(a)(2). This section provides as follows:

(2) When the court determines that the offender used a deadly weapon during the commission of the current conviction offense, the court shall consider the DWE/Used Matrix (§ 303.17(b)). An offender has used a deadly weapon if any of the following were **employed by the offender** in a way that threatened or injured another individual:

(i) Any firearm [], or

(ii) Any dangerous weapon [], or

(iii) Any device, implement, or instrumentality capable of producing death or serious bodily injury.

204 Pa. Code § 303.10(a)(2)(i-iii) (emphasis added).

The deadly weapon "possessed" enhancement is applicable as follows:

(1) When the court determines that the offender possessed a deadly weapon during the commission of the current conviction offense, the court shall consider the DWE/Possessed Matrix (§ 303.17(a)). An offender has possessed a deadly weapon if any of the following were on the offender's person **or within his immediate physical control:**

(i) Any firearm [] . . .

204 Pa. Code § 303.10(a)(1)(i) (emphasis added).

In **Phillips**, a jury convicted the defendant of Robbery, PIC, and Conspiracy. **Phillips**, 946 A.2d at 108. On appeal, the defendant challenged the court's application of the deadly weapon "used" enhancement where he never had actual, physical possession of his co-conspirator's weapon during the robbery. **Id.** at 111-12. In conducting its analysis, this Court noted that the defendant in **Phillips** "had knowledge of the existence of the weapon and he could easily have been given or taken the gun at any moment during the robbery." **Id.** at 114 (internal citation and quotation marks omitted). Notwithstanding, this Court held that because the defendant was an unarmed co-defendant merely in proximity to the gun, and the gun was "not employed by the offender," only the deadly weapon "possessed" enhancement was applicable to the defendant. **Id.** at 114-15.

Appellant, analogizing this case to **Phillips**, argues that the court abused its discretion in applying the deadly weapon "used" enhancement where the record is clear that he did not use a weapon during the commission of the crime. Appellant's Brief at 10. He notes that application of the deadly

weapon "used" enhancement provided for a guideline sentencing range of 66 to 78 months' incarceration, plus or minus 12 months. *Id.* Without the application of the enhancement, the guideline sentencing range would have been 48 to 60 months' incarceration, plus or minus 12 months. *Id.* Appellant further claims that "the sentencing court never made a determination that [A]ppellant used a deadly weapon." *Id.* at 11.

The Commonwealth agrees with Appellant that, because Appellant did not have actual, physical possession of the weapon, the court erred in applying the deadly weapon "used" enhancement, and should instead have applied the deadly weapon "possessed" enhancement. Commonwealth's Brief at 6-7.

In its Rule 1925(a) Opinion, the trial court explained its decision to apply the deadly weapon "used" enhancement. Relying on *Commonwealth v. Bowen*, 612 A.2d 512 (Pa. Super. 1992), and *Commonwealth v. Hatcher*, 746 A.2d 1142 (Pa. Super. 2000), the court concluded that the "used" enhancement applied because Appellant was in close proximity to his armed co-defendant at all times. Trial Ct. Op., 3/13/18, at 3-4 (unpaginated). This fact rendered the "gun within [Appellant's] immediate control." *Id.* at 4.

Following our review of the authorities cited by the parties and the trial court[4] and the enhancement statutes themselves, we conclude that the trial

---

[4] Although both *Bowen* and *Hatcher* discuss the applicability of the deadly weapon enhancement generally, neither of them address when a sentencing court should apply the "used" enhancement instead of the "possessed" enhancement. *See Bowen*, 612 A.2d at 514-517; *Hatcher*, 746 A.2d at 1144-1146.

court abused its discretion in applying the deadly weapon "used" enhancement and not the deadly weapon "possessed" enhancement in the instant case. The trial court found that Appellant was "in close proximity" to his armed co-defendant and not that Appellant "used" the deadly weapon. Thus, the appropriate deadly weapon enhancement is deadly weapon "possessed" enhancement and the trial court erred in applying the deadly weapon "used" enhancement.

Judgment of Sentence vacated; case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/19