J-S14032-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER A. NAKOSKI | : | |
| | : | |
| Appellant | : | No. 1495 MDA 2020 |

Appeal from the Judgment Entered July 2, 2020
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000310-2019

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED JUNE 29, 2021**

Christopher A. Nakoski ("Nakoski") appeals from the judgment of sentence imposed following his conviction of indecent assault.[1, 2]  We affirm.

In December 2018, B.H. ("the complainant") returned home from college for winter break.  ***See*** N.T., 1/9/20, at 76-84.  One evening, Nakoski, the complainant's step-father, touched her inappropriately without her consent.  ***Id.***  Specifically, the complainant testified at trial that Nakoski

_____

[1] ***See*** 18 Pa.C.S.A. § 3126(a)(1).

[2] Nakoski purports to appeal from both the July 2, 2020, judgment of sentence and from the October 29, 2020, Order denying his post-sentence Motion. However, "in a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." ***Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001). Accordingly, Nakoski's appeal properly lies from the July 2, 2020, judgment of sentence.

rubbed his hands along the outside of her breast, under the guise of giving her an arm massage, to relieve a cramp in the complainant's thumb. *Id.* The complainant stated that Nakoski "started [rubbing her] thumb[,] and then he went up [her] arm and to [her] chest." *Id.* at 78. She testified at trial that Nakoski "put his hand under [her] shirt and ran his thumb along the outside of [her] bra onto [her] breast," and stroked the outside of her breast. *Id.* at 76-81. The complainant testified that "it was very obvious that [Nakoski's actions were] intentional," because "[Nakoski] was breathing heavier than normal and it seemed premeditated. [Nakoski] was very deliberate with it. His thumb was like tracing the shape of the edge of [her] bra, so it was clear that it was on purpose." *Id.* at 82. The complainant told Nakoski to stop, then informed her mother, D.K., what had just occurred. *Id.* at 82-84. The complainant testified that she did not consent to any of Nakoski's touching. *Id.* at 82.

The next day, the complainant confronted Nakoski about what he had done. *Id.* at 85-87. Nakoski acknowledged touching the complainant and apologized, but also blamed his actions on the complainant. *Id.* at 85-86. Nakoski told the complainant that he "couldn't help himself" because of the "kind of clothing that she wore around the house." *Id.* at 86. He further told her that "he [was] a man, and he couldn't help but look at [her] sexually." *Id.* Nakoski told the complainant that when she was younger, he had seen

her naked while getting out of the shower, and from that point on, "that was all that he could see [her] as." *Id.* at 87.

That night, the complainant and D.K. together confronted Nakoski. *Id.* at 87-88. Nakoski again admitted to his actions, but blamed them on D.K., because she did not meet his sexual needs. *Id.* at 88.

Several weeks later, the complainant informed her aunt, R.H., and uncle, M.H., about what had happened. *Id.* at 148-66. R.H. and M.H. encouraged the complainant to tell police, and she agreed. *Id.* On January 31, 2019, R.H. and M.H. drove the complainant to the Chambersburg State Police Barracks, where the complainant met with Pennsylvania State Trooper Catherine M. Long ("Trooper Long") to report Nakoski's assault. *Id.* at 88-89. After detailing the events that had occurred a few weeks prior, the complainant informed Trooper Long that Nakoski previously engaged in inappropriate contact with her, when she was thirteen or fourteen years old. *Id.* at 89-91. The complainant stated that she and Nakoski were outside of their house one night, looking up at the stars. *Id.* At some point, Nakoski put his arms around the complainant and pulled her backside up against his frontside. *Id.* The Complainant stated that, at this point, she could feel Nakoski's erection pressed up against her butt. *Id.* The Complainant testified at trial that "[Nakoski] made mention of [his erection] and kind of brushed it off, and because [she] was young, [she] didn't really recognize what was going on or think anything of it." *Id.* at 90.

- 3 -

At the interview with Trooper Long, the complainant further stated that when she was approximately 15 years old, her relationship with Nakoski became strained based of his general conduct around her. *Id.* at 107. She testified at trial that Nakoski would make a lot of sexual comments. *Id.* Specifically,

> [Nakoski] would talk to [her] about his sex life that [him] and [D.K.] had or didn't have. He showed [her] a condom one time, and was making jokes about it. He always wanted to be touching [her] in some kind of way, and if [she] didn't want that, he would get upset. So that pushed [her] away from him.

*Id.*

Nakoski was subsequently charged with corruption of minors[3] and indecent assault. Nakoski proceeded to a jury trial on January 9, 2020. At trial, the Commonwealth presented testimony from the complainant, D.K., Trooper Long, R.H., M.H., and Pennsylvania State Trooper Quincy T. Cunningham, who had interviewed Nakoski during the police investigation. Notably, R.H. and M.H. testified regarding what the complainant had told them regarding Nakoski's actions, as well as their own actions in response. *Id.* at 148-166. Nakoski testified on his own behalf. *Id.* at 226-269.

A jury found Nakoski guilty of indecent assault and not guilty of corruption of minors. The trial court deferred sentencing for the preparation of a pre-sentence investigation report. On July 2, 2020, the trial court

---

[3] *See* 18 Pa.C.S.A. § 6301(a)(1)(ii).

- 4 -

sentenced Nakoski to 3 to 23 months in prison. Nakoski filed a post-sentence Motion, challenging the sufficiency and weight of the evidence supporting his conviction. Nakoski's counsel subsequently requested, and was granted permission, to withdraw as Nakoski's counsel, and Nakoski was appointed new counsel. New counsel filed an Amended Post-Sentence Motion challenging the weight and sufficiency of the evidence, and alleging that the trial court erred in admitting D.K.'s testimony regarding the complainant's good character, where the defense had never challenged her character. *See* Amended Post-Sentence Motion, 9/24/20, at ¶¶ 17-32. Following a hearing, the trial court denied Nakoski's Amended Post-Sentence Motion. Nakoski filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Nakoski now presents the following claims for our review:

1. Whether the evidence presented at trial failed to prove every element of the crime charged beyond a reasonable doubt and, therefore, was insufficient to support [Nakoski's] conviction?

2. Whether the guilty verdict following [Nakoski's] trial was against the weight of the evidence presented?

3. Whether it was an abuse of discretion to allow the Commonwealth to admit character evidence of the [complainant], in violation of Pa.R.E. 404(a)(1)?

4. Whether it was an abuse of discretion to allow the Commonwealth to admit the testimony of [R.H.] and [M.H.,] when their testimony was irrelevant as they were not fact witnesses but simply bolstered the credibility of the [complainant]?

Brief for Appellant at 8.

In his first claim, Nakoski argues that the Commonwealth failed to present sufficient evidence to prove that Nakoski's indecent contact with the complainant was "for the purpose of arousing sexual desire." *Id.* at 15-17. Nakoski claims that this is a "required element in order to sustain this conviction." *Id.* at 15.

The standard for reviewing a challenge to the sufficiency of the evidence is

> whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder[,] unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

The Crimes Code provides, in relevant part, that

> [a] person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the

complainant and [] the person does so without the complainant's consent.

18 Pa.C.S.A. § 3126(a)(1).

Additionally,

[t]his Court has long[]recognized that the uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant, despite contrary evidence from defense witnesses. If the factfinder reasonably could have determined from the evidence adduced that all of the necessary elements of the crime were established, then that evidence will be deemed sufficient to support the verdict.

***Commonwealth v. Charlton***, 902 A.2d 554, 562 (Pa. Super. 2006) (citation and quotation marks omitted).

Nakoski does not challenge whether he had indecent contact with the complainant. Rather, he solely alleges that he did not do so "for the purpose of arousing" his or the complainant's sexual desire. ***See*** Brief for Appellant at 15-17. Accordingly, we limit our review to this element of indecent assault.

Here, the complainant testified that Nakoski had admitted to touching her, and had explained that he "couldn't help himself" from touching her because of the "kind of clothing that she wore around the house." N.T., 1/9/20, at 86. Nakoski further told the complainant that "he [was] a man, and he couldn't help but look at [her] sexually." ***Id.*** Nakoski also told the complainant that when she was younger, he had seen her naked while getting out of the shower, and from that point on, "that was all that he could see [her] as." ***Id.*** at 87. This circumstantial evidence is sufficient to prove that Nakoski touched the complainant's breast "for the purpose of arousing sexual desire."

*See* 18 Pa.C.S.A. § 3126(a)(1); ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006) (finding that the "fact-finder was free to infer that the defendant's comments, that "the victim was sexy and he would like to do some things to her, … revealed that his intimate touching of the victim was done for the purpose of arousing or gratifying his sexual desire.").

In his second claim, Nakoski challenges the weight of the evidence underlying his conviction. Brief for Appellant at 17-18. According to Nakoski, the complainant's testimony was the only evidence presented in support of his conviction. ***Id.*** at 14. Nakoski argues that the complainant's testimony was inconsistent and not believable. ***Id.***

> The law pertaining to weight of the evidence claims is well-settled. The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
> On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 723 (Pa. Super. 2015) (quotation marks and citations omitted).

Here, the jury, sitting as fact-finder, was free to assess the credibility of the Commonwealth's witnesses, including the complainant, in rendering its

verdict. ***See Gonzalez***, ***supra***. Upon our review of the record, the jury's decision is supported by the evidence, and does not shock one's sense of justice. ***See Commonwealth v. Gibbs***, 981 A.2d 274, 282 (Pa. Super. 2009) (stating that "[w]hen the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review."). Thus, we conclude that the trial court did not abuse its discretion in denying Nakoski's weight of the evidence claim.

In his third claim, Nakoski argues that the trial court erred in permitting the Commonwealth to introduce at trial evidence regarding the character of the complainant. ***See*** Brief for Appellant at 18-23. Nakoski claims that the trial court permitted D.K. to testify regarding the complainant's character for truthfulness or good morals, without the defense first challenging the complainant's character, in violation of Pa.R.E. 404(a)(1). Brief for Appellant at 18. Nakoski specifically challenges the following testimony:

Q. Has [the complainant] ever been charged by the police with anything?

A. No.

Q. Drinking, smoking marijuana?

A. No.

Q. Anything like that?

A. No.

Q. Did she have friends at school?

A. Yes.

Q. What type of activities was she involved in?

A. She's been in the choral [*sic*], art club, Photography Club.  She had a job; she worked in high school.

Q. Where did she work?

A. She worked at the Igloo and worked at Sunnyway, and worked at Butcher Shoppe.  She participated in the youth group at church.

Q. And how were her grades?

A. Very good.  A's and B's.

Q. What about her friends? What were her friends like?

N.T., 1/9/20, at 35-36.  At this point, Nakoski objected to D.K.'s testimony, arguing that it was improper bolstering of the complainant's character for truthfulness.  *Id.* at 36-37.  The trial court heard arguments from both sides and overruled the objection.  *Id.* at 38.

> Admission of evidence is within the sound discretion of the trial court and we review the trial court's determinations regarding the admissibility of evidence for an abuse of discretion.  To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.  For evidence to be admissible, it must be competent and relevant.  Evidence is competent if it is material to the issue to be determined at trial.  Evidence is relevant if it tends to prove or disprove a material fact.  Relevant evidence is admissible if its probative value outweighs its prejudicial impact. The trial court's rulings regarding the relevancy of evidence will not be overturned absent an abuse of discretion.

*Conroy v. Rosenwald*, 940 A.2d 409, 417 (Pa. Super. 2007). Pennsylvania Rule of Evidence 404(a)(1) states that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Pa.R.E. 404(a)(1). "Character means one's general reputation in the community." *Commonwealth v. Fisher*, 764 A.2d 82, 87 (Pa. Super. 2000).

Here, D.K. did not testify regarding the complainant's reputation in the community, or regarding her character for truthfulness. Indeed, D.K. did not testify that the complainant was credible or that her social and school background served as evidence of her character for truthfulness. Accordingly, we conclude that the trial court did not err in overruling Nakoski's objection. *See* Pa.R.E. 404; *Fisher*, *supra*.

In his fourth claim, Nakoski argues that the trial court erred in permitting the Commonwealth to introduce the testimony of R.H. and M.H. Brief for Appellant at 23-26. Nakoski claims that their testimony was irrelevant, and their testimony constituted improper bolstering of the complainant's credibility. *Id.* Specifically, Nakoski challenges the following testimony from R.H.:

> Q. During the time period in which [the complainant] was at your house, did you tell her what to say or provide her with details of what happened?
>
> [R.H.]. No, not at all.

Brief for Appellant at 24 (quoting N.T., 1/9/20, at 155). Nakoski also

challenges the following testimony from M.H.:

> Q. At any point in time with your interaction with [the complainant], did you suggest to [her] what to say or what the details or what actually happened?
>
> [M.H.] No.

Brief for Appellant at 24 (quoting N.T., 1/9/20, at 163-64).

"Evidence is relevant if it logically tends to establish a material fact in

the case, tends to make a fact at issue more or less probable, or supports a

reasonable inference or presumption regarding a material fact."

***Commonwealth v. McFadden***, 156 A.3d 299, 309 (Pa. Super. 2017)

(quotation marks and citations omitted); ***see also*** Pa.R.E. 401 (stating that

"[e]vidence is relevant if: (a) it has any tendency to make a fact more or less

probable than it would be without the evidence; and (b) the fact is of

consequence in determining the action.").

Regarding Nakoski's claim that R.H.'s and M.H.'s testimony constituted

improper character evidence, similar to Nakoski's third claim regarding D.K.'s

testimony, R.H. and M.H. did not testify regarding the complainant's

reputation in the community, or her character for truthfulness. ***See*** Pa.R.E.

404; ***Fisher***, ***supra***. Accordingly, we cannot conclude that the trial court

abused its discretion in overruling Nakoski's objection. ***See id.***

Regarding Nakoski's challenge to R.H.'s and M.H.'s testimony as

irrelevant, we observe that evidence as to whether R.H. and M.H. had

influenced the complainant's statements to the police is probative of whether the complainant's statements to the police were truthful. *See **McFadden***, ***supra***; Pa.R.E. 401. Accordingly, we conclude that the trial court did not err in admitting this testimony.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/29/2021