J-A11016-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ARICELYS CALDERON-DERODRIGUEZ :
:
Appellant : No. 1483 MDA 2024

Appeal from the Judgment of Sentence Entered September 9, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0000562-2023

BEFORE: MURRAY, J., KING, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY KING, J.: **FILED APRIL 15, 2025**

Appellant, Aricelys Calderon-Derodriguez, appeals from the judgment of sentence entered in the Berks County Court of Common Pleas, following her bench trial convictions for two counts of aggravated assault, four counts of simple assault, and one count each of recklessly endangering another person and harassment.[1] We affirm.

The relevant facts and procedural history of this case are as follows. On July 22, 2024, Appellant was convicted of the above-mentioned offenses in connection with an assault by Appellant and her husband against their neighbor. The court sentenced Appellant on September 9, 2024, to an aggregate term of 4.5 to 9 years' imprisonment. The court entered an

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(1), (a)(4); 2701(a)(1), (a)(2), (a)(3); 2705; and 2709, respectively.

amended sentencing order on September 26, 2024.[2]  Appellant did not file post-sentence motions.  Appellant timely filed a notice of appeal on October 8, 2024.  On October 17, 2024, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant complied on November 7, 2024.

Appellant raises one issue for our review:

> Did the Trial Court err when it imposed a sentence inconsistent with the Sentencing Code and/or contrary to the fundamental norms which underlie the sentencing process, in that said sentence constituted an abuse of discretion because the sentence imposed represented an unreasonable and excessive sentence which failed to consider mitigating factors?

(Appellant's Brief at 5).

Preliminarily, a challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right.  **Commonwealth v. Hunter**, 768 A.2d 1136 (Pa.Super. 2001), *appeal denied*, 568 Pa. 695, 796 A.2d 979 (2001).  Prior to reaching the merits of a discretionary sentencing issue, we conduct a four-part test to determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

---

[2] The amended sentencing order pertained to restitution and ordered that restitution would be joint and several with Appellant's co-defendant husband.

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

Significantly, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing following imposition of sentence or in a timely filed post-sentence motion. ***Commonwealth v. Griffin***, 65 A.3d 932 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013). "This failure cannot be cured by submitting the challenge in a Rule 1925(b) statement." ***Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa.Super. 2004), *appeal denied*, 580 Pa. 695, 860 A.2d 122 (2004).

Instantly, Appellant did not file any post-sentence motions or preserve her sentencing challenge orally at the sentencing hearing following imposition of sentence. Rather, Appellant raised her sentencing claim for the first time in her Rule 1925(b) statement. Thus, Appellant's sole claim on appeal is waived. ***See Griffin, supra***; ***McAfee, supra***. Accordingly, we affirm and strike this case from the argument list.[3]

Judgment of sentence affirmed. Case stricken from argument list.

---

[3] Even if Appellant had preserved her sentencing claim on appeal, we would see no reason to disturb the court's sentencing discretion based on the reasoning provided by the court on the record and in its opinion. (***See*** N.T. Sentencing, 9/9/24, at 19; R.R. at 92; Trial Court Opinion, filed 12/3/24, at 5-6). ***See also Commonwealth v. Walls***, 592 Pa. 557, 564-65, 926 A.2d 957, 961-62 (2007) (discussing rationale behind broad sentencing discretion afforded to trial courts).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 04/15/2025